UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JUAREZ E. BARRETO,

               Plaintiff,         MEMORANDUM & ORDER
                                          10-CV-0028(JS)(AKT)
    -against-

SUFFOLK COUNTY, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, JOHN AND
JANE DOE,

               Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:     Juarez F. Barreto, Pro Se
                    09A5863
                    Downstate Correctional Facility
                    Box F
                    Red Schoolhouse Road
                    Fishkill, NY 12524-0445

For Defendants:    No Appearance

SEYBERT, District Judge:

        Juarez F. Barreto ("Plaintiff"), a frequent filer in this Court, proceeding pro se, commenced this action (10-CV-0028) against John and Jane Does, the County of Suffolk, and the Suffolk County Sheriff's Department ("Defendants").[1] Plaintiff alleges that Defendants violated his constitutional rights when he was assaulted by another inmate. Accompanying Plaintiff's Complaint is a request to proceed in forma pauperis and a request for

---

[1] Plaintiff's pro se civil cases in this Court alone include: Barreto v. Massa, et al., 05-CV-4857 (E.D.N.Y. filed 10/12/05); Barreto v. Calahan, et al., 05-CV-5023 (E.D.N.Y. filed 10/27/05); Barreto v. Harvey, et al., 05-CV-5365 (E.D.N.Y. filed 11/15/05); Barreto v. Dennis Dillon, et al., 05-CV-5401 (E.D.N.Y. filed 11/16/05); Barreto v. Plotkin, et al., 05-CV-5675 (E.D.N.Y. filed 12/05/05); Barreto v. Eggers, et al., 09-CV-4059 (E.D.N.Y. filed 09/08/09).

appointment of counsel. Upon review of Plaintiff's application, the Court GRANTS Plaintiff in forma pauperis status and DENIES his motion for appointment of counsel. See 28 U.S.C. § 1915. However, for the reasons discussed below, Plaintiff's Complaint is dismissed against Suffolk County Sheriff's Department and Suffolk County.

## BACKGROUND

Plaintiff alleges that on October 18, 2009, while incarcerated at the Suffolk County Correctional Facility, he was "attacked from behind without his knowledge by another inmate," and alleges that the incident could have been avoided. (Compl. ¶ 2.) Plaintiff describes that he was rushed to Stony Brook Hospital where he received medical care and subsequently underwent surgery. Plaintiff alleges that later in the month he was taken to Peconic Bay Medical Center where he received treatment for a bladder problem. (Compl. ¶ 26.) In the remainder of Plaintiff's nearly twenty-five page handwritten Complaint, he alleges he received inadequate medical treatment. Plaintiff seeks, among other things, a full investigation and a total of eight million dollars.

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C.

§ 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

On one hand, Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. Furthermore, Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 U.S. Dist. LEXIS 11875, at *5-6 (S.D.N.Y. July 1, 2002).

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. The Second Circuit has held that the purpose of this Rule is to provide an adverse party with notice of the claims asserted and to limit the burden imposed on both courts and litigants by unnecessarily verbose and incoherent pleadings. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Supreme Court has held that

3

complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). All complaints, including pro se complaints, are required to contain at least "some minimum level of factual support for their claims." Megna v. United States Dep't of the Navy, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004).

When a complaint fails to comply with the requirements of Rule 8, district courts have the authority to dismiss the complaint sua sponte. See Salahuddin, 861 F.2d at 42; see also Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts have the authority to dismiss frivolous actions sua sponte "in order to preserve scarce judicial resources."). It is axiomatic that the Court is required to read the Plaintiff's pro se submissions liberally and to liberally construe a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). "Dismissal, however, is [proper] . . . for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." Salahuddin, 861 F.2d at 42.

III. <u>Section 1983</u>

Plaintiff does not overtly specify the nature of his lawsuit other than alleging that Defendants violated Plaintiff's rights. Liberally construing Plaintiff's claim as one pursuant to 42 U.S.C. § 1983, that section provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States. <u>See Am. Mfr. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); <u>Giordano v. City of New York</u>, 274 F.3d 740, 750 (2d Cir. 2001).

Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" <u>Zahra v. Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995) (quoting <u>Batista v. Rodriquez</u>, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing

5

bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

    A.    Claims Against the Suffolk County Sheriff's Department

A local police department, such as the Suffolk County Sheriff's Department, "is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." Aquilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. March 27, 2006) (citations omitted). Plaintiff's claims against the Suffolk County Sheriff's Department are thus more appropriately raised against defendant Suffolk County. Accordingly, Plaintiff's claims against the Suffolk County Sheriff's Department are DISMISSED with prejudice.

    B.    Claims against Suffolk County

As noted above, when bringing a Section 1983 claim against a municipality, a plaintiff must plead an official policy or custom that caused the plaintiff's constitutional rights to be violated. Here, Plaintiff fails to allege any facts to show a municipal policy or custom deprived Plaintiff of a constitutional right. Accordingly, Plaintiff's claims against Suffolk County are DISMISSED.

C. John and Jane Doe

Plaintiff specifically names a variety of individuals in his Complaint but fails to clearly indicate the identities he is seeking to sue in the John and Jane Doe Defendants. The United States Marshal Service will not be able to serve the intended defendants without further information. In Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant. Yet it is not possible for even the Suffolk County Attorneys Office to ascertain the full names of the defendants without more specificity. Accordingly, the Court grants Plaintiff leave to amend his Complaint by February 19, 2010 to provide more information regarding the identities he seeks to sue in the John and Jane Doe Defendants.

IV. Appointment of Counsel

Courts may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court has broad discretion in determining whether appointment of counsel is appropriate. The threshold question is "whether the litigant is able to afford or otherwise obtain counsel." Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). Once the Court determines that the litigant cannot afford or otherwise obtain counsel, the only constraint on a court's determination to appoint counsel is that "it be 'guided by sound legal principle.'"

Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the guiding legal principles in Hodge.

Although Plaintiff satisfies the threshold inquiry regarding financial resources, as evidence by his in forma pauperis status, the Court finds that appointment of counsel is not necessary at this time. In doing so the Court finds: (1) Plaintiff has adequately and competently set forth his position in his Complaint; (2) Plaintiff, quite prolific, is capable of pursuing his lawsuit; and (3) there are no other special reasons to appoint counsel at this time. For these reasons the Motion to Appoint Counsel is DENIED without prejudice.

V.  Leave to Amend

When addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Nevertheless, "'[f]utility' is a valid reason for denying a motion to amend . . . where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (citations omitted).

However, even with the most liberal reading of the Complaint, the Court finds that the Complaint is completely devoid of any viable cause of action against the Suffolk County Sheriff's Department, and any amendment would therefore be futile. Accordingly, the Court declines to grant leave to amend against this Defendant and the Clerk of Court is ordered to terminate this party.

The Court grants Plaintiff until February 19, 2010 to amend his claims against Suffolk County and the John and Jane Doe Defendants in accordance with this Order. Failure to amend will result in dismissal of the Complaint as against these Defendants with prejudice. Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir.2005) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Should Plaintiff file an amended complaint, he must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. The allegations must be short, plain, and concise. In addition, Plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED, that Plaintiff's request to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED, that the motion for appointment of counsel is DENIED; and it is further

ORDERED, that the Superintendent of the facility in which Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's previously submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them

to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED, that the agency holding Plaintiff in custody shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances, rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's trust fund account; and it is further

ORDERED, that the Clerk of the Court mail a copy of this Order, together with Plaintiff's authorization, to the superintendent of the facility in which Plaintiff is incarcerated and to Plaintiff; and it is further

ORDERED, that the claims against Suffolk County Sheriff's Department, are DISMISSED with prejudice; and it is further

ORDERED, that the claims against Suffolk County and the John and Jane Doe Defendants, are DISMISSED without prejudice and with leave to amend by February 19, 2010.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 20, 2010
         Central Islip, New York